[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14893
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-10007-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADRIAN A. HERNANDEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 13, 2011)

Before CARNES, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Adrian Hernandez appeals his 41-month sentence, imposed after he pleaded guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. §§ 1326 (a), (b)(1). Hernandez challenges the reasonableness of his sentence. After review, we affirm.

I.

"We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). If we conclude that no procedural error occurred, "the second step is to review the sentence's 'substantive reasonableness' under the totality of the circumstances, including 'the extent of any variance from the Guidelines range.'" Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). "If the district court's sentence is within the guidelines range, we expect that the sentence is reasonable." United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir.

2010); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)).

As for procedural error, Hernandez contends that the district court failed to consider the § 3553(a) factors. His argument lacks merit. In imposing its sentence, the district court stated that it had "considered the statements of all [the] parties [and] the advisory guidelines and the statutory factors." The district court's acknowledgment that it had considered the § 3553(a) factors "alone is sufficient in post-Booker sentences." United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005). No procedural error occurred.

Hernandez also challenges the substantive reasonableness of his 41-month sentence, which was at the lowest end of his advisory Guidelines range of 41 to 51 months imprisonment. He argues that his sentence is substantively unreasonable because his Guidelines range is too high, and the district court failed to take into account his cultural assimilation in this country and his age when he committed the criminal offense that resulted in his deportation. However, we see no error in the district court's imposition of a low-end guideline sentence for Hernandez. See

3

United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (We may vacate a defendant's sentence as substantively unreasonable only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." (quotation marks omitted)).  Accordingly, we affirm Hernandez's sentence.

AFFIRMED.